**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| RASHMIN M. PATEL, | |
| Plaintiff, | No. 21cv1811 (EP) (SDA) |
| v. | **MEMORANDUM ORDER** |
| JIGAR P. PATEL, *et al.*, | |
| Defendants. | |

**PADIN**, **District Judge.**

Pending before the Court is the Report and Recommendation ("R&R") of the Hon. Stacey Adams, U.S.M.J., which recommends that the District Court grant in part and deny in part Plaintiff Rashmin Patel's motion[1] to: (1) strike the answers of Defendants Jigar Patel, Ashaben Patel, and Chirag Patel (collectively, "Defendants"), *with prejudice*, pursuant to Fed. R. Civ. P. 37(b)(2)(a)(iii); (2) enter default against Defendants pursuant to Fed. R. Civ. P. 37(b)(2)(A)(vi) and Fed. R. Civ. P. 55; and (3) award Plaintiff attorneys' fees and costs pursuant to Fed. R. Civ. P. 37(b)(2)(c). D.E. 127 ("R&R").[2]

When magistrate judges address certain motions, they submit a report and recommendation to the district court. *See* 28 U.S.C. § 636(b)(1)(A) (provision conferring magistrate judges with

---

[1] D.E. 122 ("Motion" or "Mot.").

[2] Judge Adams initially issued an R&R on May 19, 2025, that recommended striking Defendants' Answers *without prejudice*. D.E. 124 ("First R&R"). The First R&R also contained a deadline of June 18, 2025, for Defendants to provide outstanding discovery materials, which would allow them to then move to reinstate their Answers. *Id.* Although the First R&R was not adopted, Defendants to date have not provided the outstanding discovery requests mentioned in the First R&R, nor have they filed any application to reinstate their pleadings. *See* Dkt. Judge Adams therefore withdrew her original R&R *sua sponte* on August 12, 2025, and issued the R&R currently before the Court the next day. D.Es. 126-27.

authority to address non-dispositive pre-trial matters); Fed. R. Civ. P. 72; L. Civ. R. 72.1(a)(2). Where no objection has been made to a report and recommendation within 14 days, the district court should, as a matter of good practice, satisfy itself that there is no clear error on the face of the record before adopting the report and recommendation.  Fed. R. Civ. P. 72(b), advisory committee notes; *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (noting a district court should give a report and recommendation by a magistrate judge "some reasoned consideration" before adopting it); *see also Equal Emp. Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 100 (3d Cir. 2017) (explaining that even absent objections, a district court should make an informed and final determination on a report and recommendation as that responsibility remains with the district court judge).  The district court may accept, reject, or modify, in whole or in part, the findings or recommendations made in a report and recommendation.  28 U.S.C. § 636(b)(1); L. Civ. R. 72.1(b)(3).  Only if the district court adopts a report and recommendation does it have the force of law.  *See United Steelworkers of Am. v. N.J. Zinc Co.*, 828 F.2d 1001, 1005 (3d Cir. 1987).

Federal Rules of Civil Procedure 16 and 37 authorize this Court to impose sanctions for a party's failure to comply with a court order and for failure to respond to discovery request.  *Dun & Bradstreet Corp. v. BizConnect Inc.*, No. 22-6896, 2024 WL 1007844, at *3 (D.N.J. Feb. 27, 2024) (citing *Walsh v. Ernie's Auto Detailing Inc.*, No. 20-17785, 2022 WL 18027856, at *3 (D.N.J. Nov. 30, 2022), *report and recommendation adopted*, 2022 WL 18027847 (D.N.J. Dec. 30, 2022)).  Per Rule 16(f)(1)(C), the Court "may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party . . . fails to obey a scheduling order or other pretrial order." Accordingly, a district court may order sanctions against a party if they fail to obey a court order or fail to provide or permit discovery.  Fed. R. Civ. P. 37(b)(2)(A).

District courts have "very broad discretion to use sanctions to ensure compliance with court orders." *Hepler v. Wetzel*, No. 18-446, 2020 WL 1952677, at *5 (W.D. Pa. Apr. 23, 2020) (citing *Miller v. Thompson-Walk*, No. 15-1605, 2019 WL 2150660, at *9 (W.D. Pa. May 17, 2019)). Among the "veritable arsenal of sanctions" provided in Rule 37(b) is the Court's ability to strike pleadings in whole or in part or even enter default judgment against a "disobedient party." *Miller* 2019 WL 2150660, at *9; Fed. R. Civ. P. 37(b)(2)(A)(iii), (vi).

As Judge Adams explained in the R&R, "where a sanction may 'deprive a party of the right to proceed with or defend against a claim,' courts must weigh the six factors enunciated by the Third Circuit in *Poulis v. State Farm Casualty Co.*, 747 F.2d 863, 870 (3d Cir. 1984)." R&R at 4 (quoting *Poulis*, 747 F.2d at 870). Judge Adams thoroughly analyzed the *Poulis* factors in the R&R and concluded that the first five weighed in favor of granting the Motion, while the sixth factor was neutral. *See id.* at 5-8.

The R&R makes clear that despite being given numerous opportunities, Defendants have "repeatedly failed to comply with Court deadlines, declined to timely retain new counsel, and failed to meet their discovery obligations." *Id.* at 5. Indeed, Judge Adams reasoned that Defendants' decision to do nothing after being given explicit directions from the Court on how to proceed in this action demonstrates "a history of dilatoriness in this matter that warrants striking their pleadings." *Id.* at 7. Due to Defendants' repeated and willful failure to comply with Court orders—which have been to the detriment of Plaintiff—Judge Adams recommended that Defendants' Answers be stricken *with prejudice* and that the Court direct the Clerk's Office to enter default against Defendants (and proceed with a motion for default judgment). Judge Adams also determined that Plaintiff's request for counsel fees is premature, and therefore, recommended that this Court deny that request *without prejudice*.

3

No objections were filed in response to Judge Adams' R&R.[3]  The Court has reviewed the R&R and the records in the pending case, and finds the R&R thorough and well-reasoned. Therefore, the Court will **ADOPT** the R&R in its entirety.  Accordingly,

**IT IS**, on this 2nd day of September, 2025;

**ORDERED** that the R&R, D.E. 127, is **ADOPTED**; and it is further

**ORDERED** that Plaintiff's Motion, D.E. 122, is **GRANTED in part** and **DENIED in part**; and it is further

**ORDERED** that Defendant Jigar Patel's Answer, D.E. 75, and Defendants' Ashaben Patel and Chirag Patel's joint Answer, D.E. 100, are both **STRICKEN** *with prejudice*; and it is further

**ORDERED** that the Clerk of Court shall enter default against Defendants pursuant to Fed. R. Civ. P. 55(a); and it is further

**ORDERED** that once default is entered against Defendants, Plaintiff may file a motion for default judgment against Defendants; and it is further

**ORDERED** that Plaintiff's request for attorneys' fees and costs in his Motion, D.E. 122, is **DENIED** *without prejudice* as premature, however, Plaintiff may renew his request in connection with a motion for default judgment; and it is finally

**ORDERED** that the Clerk of Court shall send by regular mail a copy of this Memorandum Order to all Defendants.

/s/ **Hon. Evelyn Padin**

Evelyn Padin, U.S.D.J.

---

[3] Defendants did not object to the R&R even though Judge Adams made clear in a text order that Defendants' failure to object to the R&R would waive their right to appeal.  D.E. 128 (citing *City of Long Branch*, 866 F.3d at 100 n.3).